**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **HANNAH TRUONG,** individually, and On Behalf of All Others Similarly Situated, § § § Plaintiff, § Case No. vs. § § **BIO-SYNTHESIS, INC.,** § § Defendant. § | |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff Hannah Truong, by and through her attorneys Dean Omar Branham Shirley, LLP and Brown, LLC, and for her Collective Action Complaint against Defendant, Bio-Synthesis, Inc., alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b), individually and on behalf of all similarly situated persons employed by Defendant Bio-Synthesis, Inc. (hereinafter referred to as "Defendant" or "Bio-Synthesis") arising from Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff Hannah Truong worked as an hourly-paid lab technician at Defendant's Lewisville, Texas location from approximately April 29, 2019 through February 21, 2021.

3. Plaintiff was not compensated at time-and-a-half of her regular rate of for hours worked in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(1).

4. Plaintiff asserts the foregoing FLSA claim not only individually, but also on a representative basis pursuant to 29 U.S.C. § 216(b) behalf of a putative "FLSA Collective" defined as:

> *Any individual who worked for Defendant as an hourly-paid employee at any time within the 3 years preceding the filing of this action and the date of judgment.*

5. Plaintiff seeks judgment against Defendant for actual and liquidated damages on behalf of herself and the putative FLSA Collective, plus costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute.

7. This Court may properly maintain personal jurisdiction over Defendant because Defendant's headquarters are located in this state.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (c) and (d) because the Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

9. Plaintiff Hannah Truong is an adult resident of Carrollton, Texas located in Dallas and Denton counties.

10. Defendant employed Plaintiff Hannah Truong as a lab technician at Defendant's Lewisville, Texas location from approximately April 29, 2019 through February 21, 2021.

11. Pursuant to 29 U.S.C. § 216(b), Plaintiff has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

12. Bio-Synthesis, Inc. is a biology contract manufacturer of nucleic acids, peptides and other molecular biology products for the research, diagnostic and therapeutic industries.[1]

13. At all relevant times, Defendant Bio-Synthesis was an employer of Plaintiff and other putative FLSA Collective members in Defendant's Lewisville, Texas location.

14. Defendant Bio-Synthesis maintains a headquarters and principal business office of 612 E. Main Street Lewisville, TX 75057.

15. Defendant Bio-Synthesis has a registered agent Miguel Castro at 612 E. Main Street Lewisville, TX 75057.

16. At all relevant times, Defendant Bio-Synthesis was an enterprise engaged in interstate commerce.

17. At all relevant times, Defendant Bio-Synthesis' annual gross revenue exceeded $500,000.00.

18. At all relevant times, Defendant employed individuals who directly engaged in interstate commerce or have worked with products that have moved in interstate commerce.

## FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

20. Plaintiff and other hourly-paid employees regularly worked in excess of forty (40) hours in a workweek.

21. Defendant maintained a common policy and practice of failing to pay Plaintiff and other hourly-paid employees any form of premium overtime compensation for hours worked in excess of forty (40) in a workweek.

---

[1] See Defendant's website: https://www.biosyn.com/aboutbsi.aspx (Last Accessed April 19, 2021).

22. Defendant maintained a common policy and practice of failing to pay Plaintiff and other hourly-paid employees for hours worked outside of their scheduled shifts.

23. As a result of Defendant's common policies and practices, Defendant failed to pay Plaintiff and other hourly-paid employees time-and-a-half of their regular rate of for hours worked in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. See 29 U.S.C. § 207(a)(1).

24. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor or any administrative practice or enforcement policy of such departments.

25. Defendants' violations of the above-described statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## FLSA COLLECTIVE ALLEGATIONS

26. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

27. Plaintiff asserts claims for the foregoing FLSA violations not only individually, but also on behalf of a putative FLSA Collective defined as:

> *Any individual who worked for Defendant as an hourly-paid employee at any time within the 3 years preceding the filing of this action and the date of judgment.*

28. Plaintiff estimates that there are approximately one-hundred individuals who have worked as hourly-paid employees at Defendant's locations over the past three (3) years, and who thus fall within the putative FLSA Collective.

29. As a result of Defendant's common policies and practices, Defendant failed to pay members of the putative FLSA Collective, including Plaintiff, the federally mandated overtime rate of 1.5 times their regular rate for all hours worked over 40 in a workweek.

**COUNT I**
(Brought individually and on a collective basis pursuant to 29 U.S.C. § 216(b))
**29 U.S.C. § 207(a)(1)**
**FAILURE TO PAY OVERTIME**

30. Plaintiff re-alleges and incorporates all previous paragraphs herein.

29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

31. Plaintiff and other putative FLSA Collective members regularly worked over forty (40) hours a week as required by Defendants.

32. Plaintiff and other putative FLSA Collective members did not receive any form of premium overtime compensation for hours worked in excess of forty (40) in a workweek.

33. For example, Plaintiff worked over 40 hours in a workweek during the pay period of June 17, 2019 through June 30, 2019 and was not paid overtime compensation.

34. Plaintiff and other putative FLSA Collective members were not compensated for hours worked outside of their scheduled shifts, including hours worked in excess of forty (40) in a workweek.

35. Defendant knew, or acted with reckless disregard as to whether putative FLSA Collective members' were entitled to overtime compensation for hours worked in excess of forty (40) in a workweek, and Defendant were on notice of the FLSA's requirements at all relevant times.

As such, Defendant's conduct constitutes a willful violation of the FLSA, within the meaning of 29 § 255(a). Because Defendant willfully violated the FLSA, a three-year state of limitations applies to such violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) An order directing Defendant, at their own expense, to preserve and produce all tangible and electronic documents bearing on the employment and compensation of Plaintiff and each member of the putative FLSA Collective.

(B) An order authorizing Plaintiff's counsel to notify members of the putative FLSA collective that they are authorized to join this matter by filing written consents pursuant to 29 U.S.C. § 216(b).

(C) An order certifying this matter as a collective action pursuant to 29 U.S.C. § 216(b) with respect to Plaintiff's FLSA claims.

(D) Judgment for damages for all unpaid overtime compensation pursuant to 29 U.S.C. § 216(b).

(E) Judgment for liquidated damages pursuant to 29 U.S.C. § 216(b).

(F) An incentive award for Plaintiff and any Opt-in Plaintiff who serves as a representative of other similarly situated employees.

(G) An order directing Defendant to pay Plaintiff's reasonable attorneys' fees and all costs incurred in this action.

(H) Such other and further relief as to this Court may deem necessary, just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Respectfully Submitted,

Dated: May 17, 2021

*/s Charles W. Branham, III*
Charles W. Branham, III
TX State Bar No. 24012323
DEAN OMAR BRANHAM SHIRLEY, LLP
302 N. Market Street, Suite 300
Dallas, Texas 75202
T: (214) 722-5990
F: (214) 722-5991
tbranham@dobslegal.com

*Local Counsel for Plaintiff*

Jason T. Brown (*pro hac vice pending*)
Lotus Cannon (*pro hac vice pending*)
Nicholas Conlon (*pro hac vice pending*)
BROWN, LLC
111 Town Square Pl Suite
400 Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
lotus.cannon@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*